IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM LEE NICKENS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DUFFIELD REGIONAL JAIL )<br>AUTHORITY, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:23-cv-00418<br><br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

William Lee Nickens, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint arises from events that occurred while he was housed at the Duffield Regional Jail Authority (DRJA). His complaint alleges two claims against defendants DRJA, Major Brian Parks, Captain Joshua Hayes, Correctional Officer Daryll Snodgrass, Correctional Officer Ronald Spurlock, Lieutenant Adam Haley, Lieutenant Gullett, Duffield Medical Department, and Duffield Food Service. (Compl., Dkt. No. 1.)

**I. SEVERANCE**

Based upon a review of the complaint, the court concludes that Nickens' claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358,

362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Daker v. Head*, 750 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Nickens alleges two different claims. In his first claim, Nickens alleges that he was kept in a suicide cell for four days that was covered in feces. (Compl. at 3.) Nickens alleges that DRJA does not properly clean cells after certain inmates smear feces on the walls. (*Id.* at 4.) Nickens brings this claim against DRJA, Parks, Hayes, Snodgrass, Spurlock, Haley, and the Duffield Medical Department. (*Id.* at 4.) In his second claim, Nickens alleges that he was denied a common fare diet as required by his religious beliefs. (*Id.* at 5.) He brings this claim against Gullett and the Duffield Food Service. (*Id.*) These two claims, against different defendants, do not arise out of the same transaction or occurrence. Accordingly, the court will exercise its discretion to sever Nickens' two claims into separate lawsuits. Along with a copy of this memorandum opinion and order, Nickens' complaint (Dkt. No. 1) shall be filed as the opening document in the new lawsuit. The new lawsuit will be conditionally filed, and Nickens will be required to return a consent-to-fee form in the new case, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new case as it was for this case: $0.00. In the alternative, Nickens may elect not to proceed with the new case and may move to voluntarily dismiss that case. Additionally, if Nickens fails to return the consent-to-fee form in the new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Nickens' claim in another lawsuit is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Nickens returns his consent-to-fee form.

## II. ORDER

It is HEREBY ORDERED that this case is SEVERED into a total of two cases (this case and a new case). The Clerk is DIRECTED to open a new case and to conditionally file a copy of Nickens' complaint (Dkt. No. 1) in the new case, along with a copy of this memorandum opinion and order, involving Nickens' claim against defendants Gullett and Duffield Food Service that they violated Nickens' right to free exercise of his religion. In the new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the page numbers that will constitute that case. (Compl. at 5.)

The Clerk also shall docket Nickens' Statement of Assets and Prisoner Trust Account Report (Dkt. No. 3) in the new case and shall issue a conditional filing order requiring Nickens (if he intends to go forward with the claim in that case) to consent to collection of an initial payment of $0.00 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Nickens a copy of a docket sheet in each case to give him clear notice of the new case number and the content of each case.

If Nickens does not want to pursue the new case, he may file a motion voluntarily dismissing that lawsuit. Nickens should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020)

(holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Nickens.

Entered: September 25, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge