IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM LEE NICKENS, | ) | |
|     Plaintiff, | ) | Civil Action Nos. 7:23-cv-00418 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DUFFIELD REGIONAL JAIL | ) |     United States District Judge |
| AUTHORITY, *et al.*, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff William Lee Nickens, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983, which was severed by the court into two cases. (Dkt. Nos. 1, 8.) This action involves Nickens' claim that he was subjected to unconstitutional conditions of confinement by virtue of spending four days in a cell with feces smeared on the walls.

This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Nickens has failed to state a claim for which relief can be granted, and his claims must be dismissed. Because it is possible that Nickens—with additional factual matter—may be able to state a claim that he was subjected to unconstitutional conditions of confinement, the court will give Nickens the opportunity to file an amended complaint within thirty days asserting only that claim, should he so choose.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are

given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Nickens' complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Nickens alleges that the four suicide cells at the Duffield Medical Wing had feces on the walls that had been smeared by a previous inmate. Nickens asserts that he asked to be moved and was moved after four days. Nickens claims that he complained to various defendants about the conditions and was ignored; one defendant, Ronald Spurlock, laughed and then verbally abused Nickens. (Compl. at 3–4.)

The Eighth Amendment's prohibition of cruel and unusual punishment "applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). The Fourth Circuit has made clear that "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). In particular, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions" or "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* And to satisfy the subjective component, a prisoner must show that

a prison official actually "knew of and disregarded an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

Nickens' allegation that he lived in a cell with smeared feces for four days, while unpleasant, is not severe enough to state a conditions of confinement claim. "Limited periods of incarceration in unsanitary conditions are . . . insufficient to evidence an Eighth Amendment violation." *Whiting v. Owens*, Civil No. 5:14-CV-0104-CAR-MSH, 2014 WL 2769027, at *3 (M.D. Ga. June 18, 2014) (finding that a prison cell with "stagnant" feces does not violate the Eighth Amendment) (citing *Smith v. Copeland*, 87 F.3d 265, 268–69 (8th Cir. 1996) (living with overflowed toilet in cell for 4 days not unconstitutional); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional")). As one court explained, although "the sight and odor of human waste is distasteful, it does not rise to the level of cruel and unusual punishment." *Saunders v. Burton*, Civil Action No. 5:21-00322, 2022 WL 8299859, at *15 (S.D. W. Va. June 17, 2022) (finding no constitutional violation based on allegation plaintiff was confined in a flooded cell contaminated with human waste for several days) (collecting cases); *see also Harris v. FNU Connolly*, 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C. Feb. 18, 2016), *aff'd*, 667 F. App'x 408 (4th Cir. 2016) (dismissing Eighth Amendment claim where inmate alleged he was held in a cell with "massive amount of urine, feces, and vomit on both the floor and walls" for 45 days as "courts have found no constitutional violation in other cases involving similar time periods when the prisoner was allegedly exposed to unsanitary conditions").

For similar reasons, Nickens' complaint that he was subject to verbal abuse and harassment is not sufficient to state an Eighth Amendment claim. *See Powell v. Bateman*, Civil Action No. 7:22-cv-00041, 2022 WL 1144830, at *3 (W.D. Va. Apr. 18, 2022) ("Verbal

3

harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not give rise to a due process violation or an Eighth Amendment violation.") (collecting cases).

For the foregoing reasons, the court will summarily dismiss Nickens' complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim that he was subjected to conditions of confinement that violate the Eighth Amendment, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses.

An appropriate order will be entered.

Entered: November 30, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

4